### HEATH v. NEW YORK SAFETY RESERVE FUND.

(Supreme Court, Trial Term, Erie County. November, 1910.)

1. INSURANCE (§ 791*)—MUTUAL BENEFIT INSURANCE—NATURE OF CONTRACT.

A relief association in 1884 issued a certificate for $2,000 to the insured as a member of class A, by its terms entitling the beneficiary of insured to have an assessment made on the members of class A, and to receive the proceeds not to exceed $2,000. In 1886 class A was consolidated with the other two classes into one class, and the by-laws were amended to provide that the beneficiary should be entitled to have an assessment made upon all the members of the association and to receive the proceeds not to exceed $2,000. The insured died as a fully paid-up member in 1909, and the beneficiary sued to recover the sum of $2,000 upon the certificate. *Held*, that the contract sued upon had never required that the beneficiary should have $2,000, but the amount the beneficiary should receive depended upon the number of members liable to assessment and the rate of each member's assessment.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1961, 1962; Dec. Dig. § 791.*]

2. INSURANCE (§ 719*)—MUTUAL BENEFIT INSURANCE—BY-LAWS—SUBSEQUENT AMENDMENTS.

A certificate of insurance in a relief association was issued to an insured in 1884, under which he was a member of class A, and entitled to the benefit of one assessment upon the members of that class. Class A in 1886 was consolidated with two other classes into one class with the benefit to the insured of one assessment upon all of such enlarged class. The insured's application for membership contained an agreement to conform in all respects to the by-laws then in force or which might thereafter be made. In 1892 the by-laws were amended to provide for only two assessments in two months, and that, after deducting the expenses for that period, payment of all claims maturing within two months should be made at the rate per thousand equaled by such balance. *Held* that, in so far as the by-laws of 1892 defeated the right of the beneficiary of insured to have one assessment made for her benefit, they impaired her contract, and were invalid.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. § 1855; Dec. Dig. § 719.*]

3. INSURANCE (§ 791*)—MUTUAL BENEFIT INSURANCE—CONTRACT—CONSTRUCTION.

A member of a relief association joined in 1884 as a member of class A, then entitling his beneficiary upon his death to one assessment upon the members of class A, not to exceed $2,000, and, after the consolidation of

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

class A with two other classes in 1886, the member's beneficiary was entitled to one assessment upon all the members of the association. In 1892 the by-laws were changed, so that there could be only two assessments in two months and the balance after the payment of expenses was to be applied ratably to the payment of all claims accruing during such two months. A by-law of 1892 also provided that no change in rates and conditions of the policies in force November 1, 1892, should be made, and in 1893 a by-law provided that the amount payable to a member's beneficiary should be ascertained according to the amended by-laws of 1892. On February 2, 1892, the relief association accepted plaintiff as a beneficiary in place of the deceased wife of the insured, and in September, 1908, the association assigned to defendant, who assumed all of its obligations. After the death of insured in 1909 as a member in good standing, an action was brought to recover $2,000. *Held* that, under the by-laws of 1892 and 1893, the contract of the association was that the plaintiff under her certificate issued in 1884 would be entitled to one assessment upon all the members at the date of insured's death at the rate provided by the by-laws of 1884, the date of the certificate.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1961, 1962; Dec. Dig. § 791.*]

4. INSURANCE (§ 791*)—MUTUAL BENEFIT INSURANCE—ACTION FOR BENEFIT—LIABILITY TO ASSESSMENT.

An insured joined a relief association in 1884 as a member of class A, thereby entitling his beneficiary at his death to have one assessment made on the membership of class A. In 1886 class A was consolidated with the other two classes, and the beneficiary was given the right to have one assessment made on all the members of the association. The insured died in good standing in 1909. *Held,* that the insured died as a member of the whole association, and not of class A, and that the assessment for his beneficiary would not be limited to the survivors of class A, but would extend to all the members of the association.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1961, 1962; Dec. Dig. § 791.*]

Action by Addie E. Heath against the New York Safety Reserve Fund to recover the sum of $2,000 upon a certificate of membership in the Southern Tier Masonic Relief Association. Judgment for plaintiff for $488.63 and interest.

Thomas R. Stone, for plaintiff.
Reynolds, Stanchfield & Collin, for defendant.

BROWN, J. On the 7th day of April, 1884, the Southern Tier Masonic Relief Association issued to John S. Heath a certificate stating that he was a member of such association in class A, and "is entitled to all its rights and privileges and benefits and subject to the laws and regulations governing said association," that such certificate was in favor of Catharine M. Heath, the wife of John S. Heath, and that the amount of such benefit was $2,000. At the time of issuing such certificate under the by-laws then in force there were three classes of membership, and upon the death of a member of class A which Heath joined he became liable to an assessment for $1.84, and, in case of his own death, his widow became entitled to have an assessment imposed upon the members of that class graded according to age and to receive the same, but not to exceed the sum of $2,000, provided, however, that, should a death occur when one assessment on

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

each member would not amount to the sum named in his certificate, then the sum paid shall be a proportionate amount of one assessment on each member in class A at the date of such death. At the time Heath joined the association, he. signed an application for membership in which he agreed to make punctual payment of all dues and assessments for which he might become liable, and to conform in all respects to the by-laws, rules, and regulations of the association then in force, or which might thereafter be adopted by the same or its board of directors. In January, 1886, the by-laws were amended so that all three classes were consolidated into one class, and the amount thereafter to be paid upon the death of a member was graded according to the age of the member paying the same, and, under the table of rates then adopted, Heath was required to pay $2.24 upon the decease of each member of the association, and, in the event of his death, his widow became entitled to have an assessment imposed upon the members of the association and to receive the same but not to exceed $2,-000; provided, however, that should a death occur when one assessment on each member would not pay such sum, then the sum paid should be a proportionate amount of one assessment on each member at the date of the payment of the claim. By amendment of the by-laws January 11, 1892, the amount of the assessment required to be paid by Heath was increased to $7.50, and the amount to which his widow would be entitled was to be ascertained by deducting the necessary running expenses of the association from the sum of an assessment made during the month of his death, and the succeeding month, and dividing the balance pro rata per thousand dollars of insurance held by the beneficiaries of those who had died during that period of two months, which sum so divided should constitute the entire amount due upon any certificate then terminated by death of a member, provided that no beneficiary shall receive a larger amount than that named in the certificate, and also providing that the directors of the association "may order the payment of one or more death claims from the surplus whenever in their judgment such fund will warrant it." On the 29th day of November, 1892, the by-laws were again amended so as to provide that the amount payable to a beneficiary "shall be the amount as designated in the certificate of membership," and also providing that:

"No rates, terms or conditions shall be changed upon the policies in force on the first day of November 1892, but shall remain subject to the by-laws as existing prior to the adoption of these presents."

On March 20, 1893, the by-laws were again amended so as to provide that upon all policies in force September 30, 1892, the amount to be paid beneficiaries should be ascertained as specified in the amended by-laws of January 11, 1892.

On February 10, 1892, the Southern Tier Masonic Relief Association, at the request of John S. Heath, substituted the plaintiff as the beneficiary in his certificate of membership in place of Catharine M. Heath, deceased. John S. Heath continued a member of such association until his death on March 19, 1909, having paid all the dues, assessments, and other sums required and died a member in good stand-

ing; such assessments having been levied under the by-laws in force at the time of such levy. On September 8, 1908, the Southern Tier Masonic Relief Association paid the defendant $9,000 in consideration of which the defendant agreed to fulfill and perform all of the obligations lawfully arising under each and every one of the certificates of the relief association as and for and in place of the association. On June 22, 1909, the defendant notified the plaintiff that her claim as the beneficiary named in the certificate of John S. Heath had been adjusted, and that under the by-laws of 1893 of the Masonic Relief Association there was due her the sum of $338.20, which was ascertained by deducting from the assessments of $2,391.74 levied during the months of March and April, 1909, the sum of $531.62, the expenses of these months, and dividing the balance of $1,860.12 by $11,000, the amount of the benefits accruing during that period, thus ascertaining that each thousand of benefits was entitled to $169.10. At the time of making the assessments for March and April, 1909, to pay benefits accruing to the plaintiff and beneficiaries of other members dying during these months, the defendant had on hand the sum of $2,000 as its reserve or emergency fund as required by section 205 of the insurance law.

The plaintiff refused to accept the sum of $338.20 in settlement of her claim, brought this action to recover the sum of $2,000, alleging that under the by-laws of the Masonic Relief Association in force and which were binding upon John S. Heath that sum was her due, and that, if sufficient moneys could not be realized by assessment upon the members of the association, the defendant should take from its reserve or emergency fund and from the $9,000 paid it in September, 1908, by the relief association sufficient moneys to pay the $2,000 in full.

The difficulty with plaintiff's contention is that, by the terms of the certificate under which she claims and the by-laws in force when it was issued, the Southern Tier Masonic Relief Association simply contracted that she should have all the benefits realized by one assessment upon all members of the order in class A not exceeding $2,000. When class A was abolished in 1886, the contract then became that she would be entitled to the benefits realized by one assessment on all the members of the order not exceeding $2,000. The contract sued upon never has been that she should have $2,000. The amount she was to receive always depended upon the number of the members who were liable to be assessed for her benefit, and the amount each member should be assessed. If the amount of each such individual assessment is to be determined by the by-laws of 1884, the plaintiff's claim can be readily ascertained from the proofs. The plaintiff, however, contends that she is entitled to one assessment against all the members in good standing March 19, 1909, at the rates then in force, producing $1,242.56. The difficulty with such contention is that the rates in force in 1909 were promulgated upon the plan of having only two assessments in two months and the sums realized should pay all expenses and the balance discharged the association's liability for all benefits that accrued during that period no matter how many members

died. The effect of such plan is that in March and April, 1909, there were eight deaths, maturing $11,000 of benefits which were paid off and discharged by $1,860.12. Manifestly a member joining the order under circumstances whereby his liability for eight deaths is discharged by paying two assessments cannot be said to have agreed or incurred the liability of being compelled to pay one assessment for each death. The by-laws of 1884 required the association to make one assessment for plaintiff's benefit. The by-laws of 1892 in force in 1909 simply require defendant to make two assessments in two months to pay all claims that may mature in the two months. In so far as the by-laws of 1892 defeat plaintiff's right to have one assessment made for her benefit, they must be deemed as impairing her contract right and of no validity. The members joining after the amendments of 1892 and 1893 joined at a time when the by-laws, provided that no rates, terms, and conditions shall be changed upon the policies in force September 30, 1892, but shall remain subject to the by-laws existing prior to May 29, 1892. This provision amounts to a contract on the part of members joining the order since 1892 that they will pay one assessment at the rates in force when such policies were issued as a benefit to the person named in the certificate of a new member; and it also is a contract made by the association that the plaintiff under her certificate issued in 1884 would be entitled to one assessment upon all the members at the date of the death of Joseph S. Heath at the rates provided by the by-laws of 1884. Such an assessment would produce the sum of $488.63.

Defendant contends that the contract must be construed so as to read that plaintiff is entitled to one assessment upon the members of class A who were alive March 19, 1909, each such assessment to be for the amount specified in the by-laws of 1884, thus producing for plaintiff $200.72. But class A was abolished in 1886, and from that date the Southern Tier Masonic Relief Association held out and represented to John S. Heath that there was but one class of members, all liable to assessment according to their several rates to pay the benefit accruing upon the death of one of their number. Heath died a member in good standing, not of class A merely, but of the association, having paid his assessments to provide benefit funds accruing upon the death of not only members of original class A, but those joining years after class A was abolished. It will not do for defendant to say that class A has been kept alive, a separate, distinct class by itself for the purpose of restricting his beneficiary to the avails of an assessment upon the survivors of this class, when in fact this class A was consolidated with all other classes, and the plan of making all members as of one or an equal class was approved and consented to by the deceased.

Plaintiff is entitled to judgment for $488.63 and interest from June 22, 1909.